UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------
GRACE MCCORMICK, on behalf of herself and                    Case No.
all others similarly situated,

                          Plaintiff,                         **CLASS ACTION
                                                             COMPLAINT AND
                                                             DEMAND FOR JURY
                  v.                                         TRIAL**

MESHKI LLC,

                          Defendant.
----------------------------------------------------------------


        Plaintiff, **GRACE MCCORMICK** ("Plaintiff" or "Ms. McCormick"), on behalf of

herself and all others similarly situated (collectively, "Plaintiffs"), by and through their

undersigned counsel, JOSEPH & NORINSBERG, LLC, as and for their class action complaint

upon Defendant, MESHKI LLC ("MESHKI LLC" or "Defendant"), hereby alleges as follows:

## <u>INTRODUCTION</u>

        1.      Plaintiff GRACE MCCORMICK is a legally blind individual who relies on screen-

reading software—specifically NVDA (Nonvisual Desktop Access)—to navigate digital

interfaces and access online content. See Exhibit A (Legally Blind Diagnosis, dated June 10,

2024). Plaintiff uses the terms "blind" or "visually-impaired" interchangeably, as she was

diagnosed with advanced cone rod dystrophy, a progressive retinal disorder resulting in visual

acuity of 20/200 or worse with correction.

        2.      Plaintiff GRACE MCCORMICK is legally blind and relies on screen-reading

software—specifically NVDA (Nonvisual Desktop Access)—to access digital content. On

multiple occasions in July and August 2025, Plaintiff attempted to navigate Defendant's public-

facing website, www.meshki.us, to browse formalwear and complete a purchase. Despite Defendant's commercial presence in the U.S. and its operation of a consumer-facing e-commerce platform, the website was incompatible with screen-reading technology and denied Plaintiff equal access.

3.    Plaintiff's intent was to purchase a formal dress for an upcoming event. She attempted to interact with product pages including the NALA Strapless Sequin Maxi Dress and the GEMMA Strapless Embellished Maxi Dress. NVDA announced interactive elements generically as "button" or "link," with no descriptive labels or accessible names. These barriers obstructed Plaintiff's ability to identify products, activate purchase functions, or understand item details—violating WCAG 2.1 § 4.1.2 and denying her meaningful access.

4.    Plaintiff also attempted to redeem a promotional offer advertised on the site: free shipping on orders over $130. The promotional banner used autoplaying animation without pause or stop controls, violating WCAG 2.1 § 2.2.2. NVDA failed to announce the promotion, and keyboard focus was repeatedly trapped within modal overlays—preventing Plaintiff from progressing through checkout or confirming eligibility.

5.    Plaintiff timed her visit to coincide with the promotional period, intending to redeem the NIAGIFT offer. Due to persistent accessibility barriers, she was unable to complete the transaction or access the promotional benefit. The exclusion was immediate, repeatable, and consequential.

6.    Plaintiff's exclusion was not isolated or incidental. The barriers she encountered were systemic, repeatable, and unresolved across multiple visits. Defendant's failure to remediate these issues constitutes ongoing digital exclusion and violates established accessibility standards,

including WCAG 2.1 and Section 508.

7.    Defendant MESHKI LLC is a California-registered entity and the U.S. operating arm of Meshki Pty Ltd, an Australian fashion company. The website meshki.us serves as a primary channel for product sales, promotional campaigns, and brand engagement within the United States. MESHKI LLC is the appropriate party for jurisdictional purposes.

## JURISDICTION AND VENUE

8.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188, as Plaintiff asserts claims arising under Title III of the Americans with Disabilities Act ("ADA"). Title III prohibits discrimination against individuals with disabilities in places of public accommodation, including websites that serve as integral components of retail operations. Defendant's website, www.meshki.us, is a commercial platform offering products, promotional benefits, and proprietary shopping tools to the general public, and is therefore subject to the ADA's accessibility requirements. Supplemental jurisdiction over Plaintiff's state and local law claims is proper under 28 U.S.C. § 1367, as those claims arise from the same nucleus of operative facts.

9.    This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's claims under the New York State Human Rights Law, Article 15 (Executive Law § 290 et seq.) ("NYSHRL"); the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 et seq. ("NYCHRL"); and the New York State Civil Rights Law, Article 4, §§ 40-c and 40-d ("NYCRL").

10.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant conducts substantial business in New York, operates a website accessible to New York residents, and actively solicits purchases from consumers within this jurisdiction. Plaintiff resides in New

York City and was harmed by Defendant's conduct while attempting to engage with meshki.us from within the District. Defendant's promotional campaigns—including free shipping thresholds and loyalty discounts—were marketed to and accessible by New York consumers during the relevant period. The harm alleged in this Complaint occurred entirely within the territorial bounds of this District.

11.    Venue is further proper under 28 U.S.C. § 1391(b)(1) and (2) because Defendant continues to conduct substantial business in this District, and a significant portion of the conduct complained of herein occurred here. Plaintiff attempted to utilize meshki.us on multiple occasions from within this Judicial District and was repeatedly denied equal access.

12.    Defendant is subject to personal jurisdiction in this District. The acts and omissions alleged herein—including the denial of full and equal access to meshki.us—occurred in the Southern District of New York and caused injury to Plaintiff and other blind consumers. On several separate occasions, Plaintiff was denied the use and enjoyment of the goods, services, and promotional benefits offered to the general public on Defendant's website. These access barriers have caused repeated exclusion and now deter Plaintiff from returning to the site, despite her intent to do so.

13.    This Court is empowered to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## NATURE OF ACTION

14.    Plaintiff GRACE MCCORMICK is legally blind and relies on screen-reading software—specifically NVDA (Nonvisual Desktop Access)—to navigate digital interfaces.

4

Defendant MESHKI LLC is a fashion company that owns and operates www.meshki.us, which serves as its primary digital storefront for U.S. consumers. Through this website, Defendant offers a wide array of formalwear and fashion products for sale to consumers across the United States, including within New York State.

15.     For screen-reading technology to function properly, websites must be coded with semantic structure, ARIA roles, and accessible markup. Defendant's website fails to meet these standards. As a result, blind users are excluded from accessing product information, promotional benefits, and proprietary shopping tools available to sighted users.

16.     Plaintiff uses NVDA daily to access digital content. During multiple visits to meshki.us in July, August, and September 2025, she encountered persistent accessibility barriers that rendered the site incompatible with NVDA. These barriers included:

- Unlabeled form fields and buttons announced only as "button";
- Non-descriptive link text that failed to identify product categories or names;
- Improper heading structure that disrupted page navigation;
- Dynamic content—including promotional modals and regimen tools—not announced to screen readers;
- Keyboard traps and inaccessible modal dialogs that prevented progression through checkout and promotional redemption.

17.     These barriers obstructed Plaintiff's ability to purchase formalwear—including the NALA Strapless Sequin Maxi Dress and GEMMA Strapless Embellished Maxi Dress—and to redeem promotional benefits such as free shipping on orders over $130. These offers were available only through meshki.us and not through third-party retailers. The site's proprietary

tools—including the "Outfit Creator" and sizing guides—remain inaccessible to blind users.

18.    Plaintiff resides in New York City and attempted to access meshki.us from within this District. She remains interested in purchasing from Defendant's website and intends to return as soon as the site becomes accessible. Her intent is concrete, ongoing, and directly tied to the goods and services offered on the site.

19.    The World Wide Web Consortium (W3C) has published the Web Content Accessibility Guidelines (WCAG), currently in version 2.1. These guidelines are the recognized industry standard for ensuring websites are accessible to blind and visually impaired users. Most major corporations and government agencies follow WCAG 2.1 to meet legal and ethical obligations under the ADA and related laws.

20.    Unless websites are designed to be compatible with screen-reading technology, blind and visually impaired users are unable to fully engage with the goods, services, and educational content offered online. Defendant's failure to implement accessible design excludes disabled individuals from meaningful participation in its digital platform.

21.    The World Wide Web Consortium (W3C) has published the Web Content Accessibility Guidelines (WCAG), currently in version 2.1. These guidelines are the recognized industry standard for ensuring websites are accessible to blind and visually impaired users. Most major corporations and government agencies follow WCAG 2.1 to meet legal and ethical obligations under the ADA and related laws.

22.    Defendant's website exhibits recurring accessibility failures, including missing text alternatives for non-text elements, unlabeled form fields, non-descriptive links, inaccessible modal dialogs, and dynamic content not announced to screen readers. Additional violations include keyboard traps, missing

language declarations, markup errors, and visual elements that obstruct focus indicators. These barriers deny blind users equal access in violation of the ADA, NYSHRL, NYCHRL, and NYCRL.

23.    Websites are dynamic platforms with frequently updated features and content. A one-time remediation effort is insufficient to ensure ongoing accessibility. To comply with federal, state, and local law, Defendant must implement corporate policies that include periodic accessibility audits using both automated tools and real-world testing by blind and visually impaired users. Without such measures, meshki.us will continue to exclude disabled individuals from full and equal access.

24.    Screen-reading software translates visual web content into an auditory format, allowing blind users to navigate websites using keyboard commands. As explained in *Andrews v. Blick Art Materials, LLC*, 286 F. Supp. 3d 365 (E.D.N.Y. 2017), screen readers rely on properly coded websites to convey structure, links, and functionality through sound. Without accessible markup, blind users are excluded from digital services available to sighted individuals.

## CLASS ACTION ALLEGATIONS

25.    Plaintiff GRACE MCCORMICK, on behalf of herself and all others similarly situated, seeks to certify a nationwide class under Fed. R. Civ. P. 23(a) and 23(b)(2): all legally blind individuals in the United States who have attempted to access Defendant's website, www.meshki.us, and as a result have been denied access to the equal enjoyment of goods and services during the relevant statutory period.

26.    Plaintiff also seeks to certify a New York City Subclass under Fed. R. Civ. P. 23(a) and 23(b)(2): all legally blind individuals in the City and State of New York who have attempted to access Defendant's website and as a result have been denied access to the equal enjoyment of goods and services offered during the relevant statutory period.

27.    Common questions of law and fact exist amongst the Class, including:

a.    Whether Defendant's Website is a "public accommodation" under the ADA;

b.    Whether Defendant's Website is a "place or provider of public accommodation" under the NYCHRL;

c.    Whether Defendant's Website denies the full and equal enjoyment of the products, services, facilities, privileges, advantages, and/or accommodations to people with visual disabilities, violating the ADA; and

d.    Whether Defendant's Website denies the full and equal enjoyment of the products, services, facilities, privileges, advantages, or accommodations to people with visual disabilities, violating the NYCHRL, NYCRL, and the NYHRL

28.    Plaintiff's claims are typical of the Class. The Class, similar to the Plaintiff, are severely visually impaired or otherwise blind, and claims that Defendant has violated the ADA, NYSHRL, NYCRL, and/or the NYHRL by failing to update or remove access barriers on the Website so that the website can be independently accessible to the Class.

29.    Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff is represented by counsel experienced in complex class action litigation and has no interests antagonistic to those of the Class. Certification under Fed. R. Civ. P. 23(b)(2) is appropriate because Defendant has acted or refused to act on grounds generally applicable to the Class, warranting declaratory and injunctive relief for Plaintiff and all Class Members.

30.    Alternatively, certification under Fed. R. Civ. P. 23(b)(3) is appropriate because common questions of law and fact predominate over individual issues, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

31.    Judicial economy will be served by maintaining this lawsuit as a class action in that it is likely to avoid the burden that would be otherwise placed upon the judicial system by the filing

8

of numerous similar suits by people with visual disabilities throughout the United States.

32.     Numerosity is satisfied, as it is likely that more than fifty legally blind individuals have attempted to access Defendant's website and encountered the same barriers, rendering independent use impossible.

## FIRST CAUSE OF ACTION
### (Violations of the ADA, 42 U.S.C. § 12182 *et seq.)*

33.     Plaintiff, GRACE MCCORMICK, on behalf of herself and the Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

34.     Section 302(a) of Title III of the ADA, 42 U.S.C. § 12101 *et seq.,* provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a).

35.     Defendant's  Website that is offered as a link to the company is a service that is offered to the general public, and as such, must be equally accessible to all potential consumers.

36.     Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities the opportunity to participate in or benefit from the products, services, facilities, privileges, advantages, or accommodations of an entity. 42 U.S.C. § 12182(b)(1)(A)(i).

37.     Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also includes, inter alia:

9

[A] failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations; [and] a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden.

42 U.S.C. § 12182(b)(2)(A)(ii)-(iii).

38.     The acts alleged herein constitute violations of Title III of the ADA and the regulations promulgated thereunder. Plaintiff, who is a member of a protected class of persons under the ADA, has a physical disability that substantially limits her major life activity of sight within the meaning of 42 U.S.C. §§ 12102(1)(A)-(2)(A). Furthermore, Plaintiff has been denied full and equal access to the Website, has not been provided services that are provided to other patrons who are not disabled, and has been provided services that are inferior to the services provided to non-disabled persons. Defendant has failed to take any prompt and equitable steps to remedy the discriminatory conduct as the violations are ongoing.

39.     Under 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein, Plaintiff requests relief as set forth within the section **Prayer For Relief** below.

<u>**SECOND CAUSE OF ACTION**</u>
**(New York State Human Rights Law)**
**("NYSHRL")**

40.     Plaintiff, GRACE MCCORMICK, on behalf of herself and the Class and New York

City Sub-Classes Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

41.     At all times relevant to this action, the New York State Human Rights Law ("NYSHRL"), Article 15 of the New York Executive Law §§ 290 *et seq.*, covers the actions of the Defendants.

42.     Plaintiff, at all times relevant to this action, as a result of his loss of vision, has a substantial impairment to a major life activity and is an individual with a disability under Article 15 of N.Y. Executive Law § 292(21).

43.     Defendants, at all relevant times to this action, own and operate a place of public accommodation, the subject Website, within the meaning of Article 15 of N.Y. Executive Law § 292(9).  Defendant is a "person" within the meaning of Article 15 of N.Y. Executive Law § 292(1).

44.     Plaintiff has visited the Website on a number of occasions and has encountered barriers to his access that exist.

45.     Under Article 15 N.Y. Executive Law § 296(2)(a) "it shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation ... because of the ... disability of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof."

46.     Discrimination includes the refusal to adopt and implement reasonable modifications in policies, practices, or procedures when they are necessary to afford facilities,

11

privileges, advantages, or accommodations to individuals with disabilities. Article 15 of N.Y. Executive Law § 296(2)(a), § 296(2)(c)(i).

47.    Defendant's actions violate Article 15 of N.Y. Exec. Law § 296(2)(a) by discriminating against the Plaintiff and Subclass by (i) owning and operating a website that is inaccessible to disabled individuals who are sight-impaired and cannot discern the content thereof without the use of a screen-reading program; (ii) by not removing access barriers to its Website in order to make accessibility features of the sites known to disabled individuals who are sight-impaired; and (iii) by refusing to modify the Website when such modifications are necessary to afford facilities, privileges, advantages or accommodations to individuals with disabilities.  This inaccessibility denies disabled individuals who are sight-impaired full, and equal access to the facilities, goods, and services that the Defendant makes available to individuals who are not disabled and can see without the need of a screen-reading program or other similar device.  Article 15 of N.Y. Exec. Law § 296(2)(c).

48.    The Defendant's discriminatory practice also includes, "a refusal to take such steps as may be necessary to ensure that no individual with a disability is excluded or denied services because of the absence of auxiliary aids and services, unless such person can demonstrate that taking such steps would fundamentally alter the nature of the facility, privilege, advantage or accommodation being offered or would result in an undue burden." Article 15 of N.Y. Exec. Law § 296(2)(c).

49.    Established guidelines exist for making websites accessible to disabled individuals. The International Website Standards Organization, the Worldwide Consortium, known throughout

the world as "W3C," has published version 2.1 of the Web Content Accessibility Guidelines ("WCAG 2.1"). WCAG 2.1 is well-established guideline for making websites accessible to the blind and visually impaired people. These guidelines are universally followed by most large business entities and government agencies to ensure websites are accessible.

50.    Defendant has intentionally and willfully discriminated against the Plaintiff and Subclass and violation of the New York State Human Rights Law, Article 15 of N.Y. Exec. Law § 296(2) and the discrimination continues to date.

51.    Absent injunctive relief, Defendant's discrimination will continue against Plaintiff and Subclass, causing irreparable harm.

52.    Plaintiff and the Subclass are therefore entitled to compensatory damages, civil penalties, and fines for every discriminatory act in addition to reasonable attorney fees and costs and disbursements of this action. Article 15 of N.Y. Exec. Law §§ 297(9), 297(4)(c) *et seq.*

<u>**THIRD CAUSE OF ACTION**</u>
**(Violation of New York State Civil Rights)**
**("NYCRL")**

53.    Plaintiff, GRACE MCCORMICK, on behalf of herself and the New York City Subclass Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

54.    Plaintiff served notice thereof upon the New York State Attorney General, as required by N.Y. Civil Rights Law § 41. (Exhibit 1) (Notice to Attorney General)

55.    Persons within New York State are entitled to full and equal accommodations,

advantages, facilities, and privileges of places of public accommodations, resort or amusement, subject only to the conditions and limitations established by law and applicable alike to all persons. No person, being the owner of a place of public accommodation, shall directly or indirectly refuse, withhold from, or deny to any person any of the accommodations, advantages, facilities, and privileges thereof. N.Y. Civ. Rights Law § 40.

56.     No person because of disability, as defined in § 292(21) of the Executive Law, shall be subjected to any discrimination in his or her civil rights by person or by any firm, corporation, or institution, or by the state or any agency or subdivision. N.Y. Civ. Rights Law ("NYCRL") § 40-c.

57.     § 292 of Article 15 of the N.Y. Executive Law deems a disability a physical, mental, or medical impairment resulting from anatomical, physiological, genetic, or neurological conditions that prevent the exercise of a normal bodily function. As such, the Plaintiff is disabled under the N.Y. Civil Rights Law.

58.     Defendant discriminates against the Plaintiff and Subclass under NYCRL § 40 as Defendant's Website is a place of public accommodation that does not provide full and equal accommodation, advantages, facilities, and privileges to all persons and discriminates against disabled individuals who are sight impaired.

59.     Defendant intentionally and willfully failed to remove the barriers on their Website, discriminating against the Plaintiff and Subclass preventing access in violation of NYCRL § 40.

60.     Defendant has failed to take any steps to halt and correct its discriminatory conduct and discriminate against the Plaintiff and the Subclass members.

14

61.     Under N.Y. Civil Rights Law § 41, "a corporation which violates any of the provisions of §§ 40, 40-a, 40-b or 42 shall be liable for a penalty of not less than one hundred dollars nor more than five hundred dollars, to be recovered by the person aggrieved thereby… in any court of competent jurisdiction in the county in which the plaintiff or defendants shall reside." *Id...*

62.     Plaintiff and the SubClass hereby demand compensatory damages of five hundred dollars ($500.00) for the Defendant's acts of discrimination, including civil penalties and fines under N.Y. Civil Law § 40 *et seq.*

### FOURTH CAUSE OF ACTION
**(Violations of the New York City Human Rights Law)**
**("NYCHRL")**

63.     Plaintiff, GRACE MCCORMICK, on behalf of herself and the New York City Sub-Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

64.     N.Y.C. Administrative Code § 8-107(4)(a) provides that "It shall be an unlawful discriminatory practice for any person who is the owner, franchisor, franchisee, lessor, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation: [b]ecause of any person's . . . disability . . . directly or indirectly: [t]o refuse, withhold from or deny to such person the full and equal enjoyment, on equal terms and conditions, of any of the accommodations, advantages, services, facilities or privileges of the place or provider of public accommodation".

65.     Defendant is subject to NYCHRL because it owns and operates the Website

15

www.meshki.com making it a "person" within the meaning of N.Y.C. Admin. Code § 8-102(1).

66.     Defendant violates N.Y.C. Administrative Code § 8-107(4)(a) in refusing to update or remove access barriers to Defendant's Website, causing the Website and the services integrated completely inaccessible to the blind. This inaccessibility denies blind patrons full and equal access to the facilities, products, and services that Defendant makes available to the non-disabled public.

67.     Defendant is required to "make reasonable accommodation to the needs of persons with disabilities . . . any person prohibited by the provisions of [§ 8-107 *et seq.*] from discriminating based on disability not to provide a reasonable accommodation to enable a person with a disability to satisfy the essential requisites of a job or enjoy the right or rights in question provided that the disability is known or should have been known by the covered entity." N.Y.C. Admin. Code § 8-107(15)(a).

68.     Defendant's actions constitute willful intentional discrimination against the Sub-Class based on a disability in violation of the N.Y.C. Administrative Code § 8107(4)(a) and § 8-107(15)(a), in that Defendant has:

> e.     constructed and maintained a Website that is inaccessible to blind class members with knowledge of the discrimination; and/or
>
> f.     constructed and maintained a Website that is sufficiently intuitive and/or obvious that is inaccessible to blind class members; and/or
>
> g.     failed to take actions to correct these access barriers in the face of substantial harm and discrimination to blind class members.

69.     Defendant has failed to take any prompt and equitable steps to remedy the discriminatory conduct as these violations are ongoing.

16

70.    As such, Defendant discriminates and will continue in the future to discriminate against Plaintiff and other members of the proposed class and subclass based on disability in the full and equal enjoyment of the products, services, facilities, privileges, advantages, accommodations and/or opportunities of the Website under N.Y.C. Administrative Code § 8-107(4)(a). Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiff and members of the Class will continue to suffer irreparable harm.

71.    Defendant's actions were to violate the NYCHRL, and therefore, Plaintiff invokes the right to injunctive relief to remedy the discrimination.

72.    Plaintiff is also entitled to compensatory damages, as well as civil penalties and fines under N.Y.C. Administrative Code § 8-120(8) and § 8-126(a) for each offense as well as punitive damages pursuant to § 8-502.

73.    Plaintiff is also entitled to reasonable attorneys' fees and costs.

74.    Under N.Y.C. Administrative Code § 8-120 and § 8-126 and the remedies, procedures, and rights set forth and incorporated therein Plaintiff prays for judgment as set forth below.

## FIFTH CAUSE OF ACTION
### (Declaratory Relief)

75.    Plaintiff, GRACE MCCORMICK, on behalf of herself and the Class and New York City Sub-Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

76.    An actual controversy has arisen and now exists between the parties in that Plaintiff

contends, and is informed and believes that Defendant denies, that the Website contains access barriers denying blind customers the full and equal access to the products, services and facilities of the Website, which Defendant owns, operates and controls, fails to comply with applicable laws including, but not limited to, Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.*, and N.Y.C. Admin. Code § 8-107, *et seq.*, prohibiting discrimination against the blind.

77.    A judicial declaration is necessary and appropriate at this time so that each of the parties may know its respective rights and duties and act accordingly.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

a.    A preliminary and permanent injunction to prohibit Defendant from violating the Americans with Disabilities Act, 42 U.S.C. §§ 12182, et seq., N.Y.C. Administrative Code § 8-107, et seq., and the laws of New York;

b.    A preliminary and permanent injunction requiring Defendant to take all the steps necessary to make the Website fully compliant with the requirements set forth in the ADA, and the implementing regulations, so that the Website is readily accessible to and usable by blind individuals;

c.    A declaration that Defendant owns, maintains and/or operates the Website in a manner that discriminates against the blind and which fails to provide access for persons with disabilities as required by Americans with Disabilities Act, 42 U.S.C. §§ 12182, et seq., N.Y.C. Administrative Code § 8-107, et seq., and the laws of New York;

d.    An order certifying the Class and Sub-Classes under Fed. R. Civ. P. 23(a) & (b)(2) and/or (b)(3), appointing Plaintiff as Class Representative, and Plaintiff's attorneys as Class Counsel;

e.    Compensatory damages in an amount to be determined by proof, including all applicable statutory and punitive damages and fines, to Plaintiff and the proposed class and subclasses for violations of civil rights under New York City Human Rights Law, the New York State Human Rights Law and the New York State Civil Rights Law;

f.      Pre-judgment and post-judgment interest;

g.      An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

h.      Such other and further relief as this Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all questions of fact the Complaint raises.

Dated: New York, New York
        October 10, 2025

                                     Respectfully submitted,

                                     **JOSEPH & NORINSBERG, LLC**

                                     *Robert Schonfeld*

                                     _____

                                     Robert Schonfeld, Esq.
                                     *Attorneys for Plaintiff*
                                     825 Third Avenue, Suite 2100
                                     New York, New York 10022
                                     Tel. No.: (212) 227-5700
                                     Fax No.: (212) 656-1889
                                     rschonfeld@employeejustice.com